UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RASHID BROWN #183346,

    Plaintiff,

v.                                      Case No. 2:05-cv-225
                                            HON. ROBERT HOLMES BELL

LYNNE PHILLIPSON,

    Defendant.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on August 22, 2006. The Report and Recommendation was duly served on the parties. The Court received objections from Defendant. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

As noted by the Magistrate Judge in the report and recommendation, Plaintiff's complaint involves Defendant's allegedly improper refusal to send out correspondence to the Director of the MDOC, which was motivated by a desire to retaliate against Plaintiff and to discriminate against him on the basis of his race. The Magistrate Judge noted that the misconduct ticket at issue solely involved Plaintiff's alleged sexual misconduct. The Magistrate Judge therefore concluded that a decision in favor of Plaintiff on his equal protection and retaliation claims did not necessarily imply the invalidity of the misconduct conviction, so that Plaintiff's claims were not barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In Defendant's objections, she states that although the misconduct ticket on it's face did not address the failure to process Plaintiff's mail, the reason that the mail was not processed was because of Plaintiff's inappropriate conduct. In support of this contention, Defendant refers to her affidavit, which was offered as an exhibit in support of the motion for summary judgment. In her affidavit, Defendant attests:

> 3. While processing prisoner mail on 6/20/05, I observed that prisoner Brown #183346 was appropriately dressed so I could open his food slot and retrieve his expedited legal mail and perform notary work for him.
>
> 4. When prisoner Brown signed his expedited mail forms, I placed them on the cart and continued to do notary work for him. I then placed some of his mail on the food slot so he could seal the envelope.
>
> 5. When prisoner Brown turned around from the writing surface in his cell he had his penis exposed and started to advance towards his food slot that was still opened for the mail processing. I then closed his slot with the mail on it and it fell to the floor in his cell.
>
> 6. I made sure prisoner Brown's slot was secure and told the prisoner to cover up. At no time did he follow my order, and I wrote a Major Misconduct Report for Sexual Misconduct. The prisoner was found guilty of the Misconduct charge following his June 29, 2005 administrative hearing on the charge.
>
> 7. The mail that fell inside of his cell was not processed on that day. The process was interrupted by prisoner's inappropriate behavior. All other mail that I had possession of was processed.

(*See* Exhibit A to Defendant's brief in support of the motion for summary judgment, docket #13.)

However, as noted by Plaintiff in his objections, on June 21, 2005, Plaintiff allegedly asked Defendant to process some legal mail she had notarized on the previous day, but she just walked by and did not pick up the mail. Plaintiff also "had some words about the false misconduct" Defendant had written. On June 22, 2005, Plaintiff asked Defendant if she processed his mail, but

- 2 -

- 3 -

she just laughed.  Plaintiff then wrote the business office to asked if they had received his mail and was told that they had not processed Plaintiff's letter to the MDOC Director's office.  Plaintiff claims that the actions taken by Defendant on June 21 and June 22 were motivated by a desire to retaliate and discriminate against Plaintiff.  Contrary to Defendant's assertion, the guilty finding on the June 20, 2005, misconduct does not affect Plaintiff's claims regarding this alleged misconduct.  Therefore, Defendant's objections lack merit.  Accordingly, Defendant is not entitled to summary judgment.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.  As noted by the Magistrate Judge in the report and recommendation, Plaintiff has succeeded in showing the existence of a genuine issue of material fact with regard to his retaliation and discrimination claims.  Accordingly, Defendants' Motion for Summary Judgment (Docket #12) is denied.


Dated:    September 19, 2006              /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE